# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH J. THOMAS,
    Plaintiff,

v.                                       Case No. 22-C-329

DETECTIVE EDWARD BERGIN,
    Defendants.

## SCREENING ORDER

Plaintiff Kenneth J. Thomas, an inmate confined at the Columbia Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 7, 2022, I ordered the plaintiff to pay an initial partial filing fee of $0.33. ECF No. 7. Plaintiff paid that fee on April 26, 2022. I will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore*

*v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The complaint names as the only defendant City of Waukesha Detective Edward Bergin. ECF No. 1 at 1. The plaintiff vaguely alleges that on January 14 through 16, 2015, Bergin violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment by "'exploiting and using life threatening tactics' on the 'roof top' of the police department," despite knowing that the plaintiff suffers from a mental illness. *Id.* at 2–3. The plaintiff says Bergin coerced his false confession because of their "'unplesent [sic] history'" and "to obtain a 'future conviction' on the other suspects involved in the Brook-filed [and] Waukesha robberys [sic]." *Id.* at 3. The plaintiff seeks $25 million in damages and his release from prison. *Id.* at 4.

**C. Analysis**

The complaint does not state a claim. The plaintiff's vague allegations suggest Detective Bergin in some way obtained his false confession during a lengthy interrogation in January 2015. It also alleges, even more vaguely, that Bergin violated his right to equal protection. But the plaintiff does not explain Bergin's allegedly unlawful actions. His conclusory allegations that Bergin obtained a false confession, and in doing so violated his rights, are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (reaffirming that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim). As written, the complaint does

not provide enough information for the court to determine whether Bergin's actions entitle the plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2).

Even if the plaintiff sufficiently alleged a violation of his rights, he cannot challenge his allegedly false confession under § 1983 because his success on that claim would undermine the validity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). He may proceed on this claim only if he first shows that he successfully invalidated his conviction or sentence through direct appeal, a post-conviction challenge, or executive action (such as a pardon). *Id.* at 486–87.

The plaintiff has not accomplished any of those things. The docket from his state court criminal matter shows the trial court denied his motion for post-conviction relief on June 13, 2017. *See State of Wisconsin vs. Kenneth J. Thomas*, Waukesha County Case Number 2015CF000054, *available at* https://wcca.wicourts.gov/. The Wisconsin Court of Appeals affirmed the circuit court's judgment on September 26, 2018, and the Wisconsin Supreme Court denied review on February 12, 2019. *Id.*; Case No. 21-cv-942, ECF No. 24-2 at 20–29. On August 11, 2021, the plaintiff filed a petition for a writ of habeas corpus. Case No. 21-cv-942-SCD, ECF No. 1. On February 1, 2022, Magistrate Judge Stephen C. Dries denied the petition and denied a certificate of appealability. *Id.*, ECF No. 34. The plaintiff's appeal of that decision is pending in the Court of Appeals for the Seventh Circuit. *Id.*, ECF No. 43; 7th Cir. Case No. 22-1201.

Because *Heck* bars the plaintiff's claims, I must dismiss the complaint without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). The plaintiff may not proceed in any civil action seeking damages for his allegedly false confession unless and until he is successful in his federal appeal or otherwise invalidates his conviction.

I also note that, in the event the plaintiff successfully invalidates his conviction, he may not seek his release from prison under § 1983. His habeas petition, not an action under § 1983, is his recourse for seeking his release. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)).

Courts generally permit civil plaintiffs an opportunity to amend their pleadings but need not do so if "'it is certain'" that amendment would be futile. *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018) (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). It is certain from the plaintiff's complaint, and a review of his litigation history, that this lawsuit is premature. I will not allow him to amend his complaint because any amendment would be frivolous.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff's claims are barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $349.67 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state,

or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2022.

                                                                                                                       <u>/s/Lynn Adelman              </u>
                                                                                                                       LYNN ADELMAN
                                                                                                                       United States District Judge

7
Case 2:22-cv-00329-LA   Filed 05/03/22   Page 7 of 7   Document 8